UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY SCHMUTZLER, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>WARDEN JEFF GRONDOLSKY )<br>      Defendants. ) | C.A. No. 17-10911-ADB |

## MEMORANDUM AND ORDER

**BURROUGHS, D.J.**

Before the Court is Jeffrey Schmutzler's third petition in this district (and the second before this Court) for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) and Petitioner's Motion for Appointment of Counsel (ECF No. 2). The petition has not been served pending the Court's review of the petition. See 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted"). For the reasons stated below, the Court DENIES the petition. In light of the Court's denial of the petition, the motion for appointment counsel (ECF No. 2) is DENIED as moot.

**I.    Background**

On July 29, 2013, Jeffrey Schmutzler pleaded guilty in the United States District Court for the Middle District of Pennsylvania to one count of knowingly receiving child pornography pursuant to 18 U.S.C. 2252A(a)(2).[1] United States v. Schmutzler, 602 Fed. App'x. 871, 872 (3rd

---

[1] At sentencing, the United States presented uncontested evidence that Schmutzler, a school teacher, "possessed 1,424 child pornography images in which he had photoshopped the faces of 136 current students." United States v. Schmutzler, 602 Fed. App'x. 871, 872–73 (3rd Cir. 2015). "The United States also presented evidence that Schmutzler possessed between two and four terabytes of child pornography, amounting to between four and eight million images." Id. at 873.

Cir. 2015); United States v. Schmutzler, No. 1:13-CR-00065, 2015 WL 1912608, at *1 (M.D. Pa. Apr. 27, 2015). Schmutzler was sentenced to 108 months. Id. He is currently serving his sentence at FMC Devens in Ayer, Massachusetts. On February 23, 2015, Schmutzler's conviction was affirmed. United States v. Schmutzler, 602 Fed. Appx. 871 (3rd Cir. 2015).

On November 21, 2016, Schmutzler filed a motion for relief from the order on his § 2255 proceeding before the sentencing court in the Middle District of Pennsylvania. Schmutzler claimed that his case should have been dismissed because of principles of federalism and related jurisdictional claims relating to the statute under which he was convicted. On March 9, 2017, the motion was denied as an unapproved second or successive 28 U.S.C. § 2255 petition. United States v. Schmutzler, No. 1:CR-13-0065, 2017 WL 930455, at *3 (M.D. Pa. Mar. 9, 2017). That court held:

> Defendant no longer simply argues that federal authorities should have deferred to state ones, but asserts that the federal statute does not reach his conduct, and phrasing the argument in terms of jurisdiction. Under *Gonzalez*, this makes Defendant's motion a 2255 one. Since Defendant has already had a 2255 motion adjudicated, as we noted above, we lack jurisdiction to consider his current one. Defendant is free to seek a certificate of appealability from the Third Circuit if he wishes to pursue the claim.

United States v. Schmutzler, No. 1:CR-13-0065, 2017 WL 930455, at *2 (M.D. Pa. Mar. 9, 2017).

Schmutzler did not seek leave to file a second or successive 28 U.S.C. § 2255 petition from the Third Circuit under § 2255(h). Rather, on March 24, 2017, Schmutzler filed an "emergency" petition for mandamus from the Third Circuit Court of Appeals, again, raising the same substantive arguments. On May 1, 2017, the Third Circuit denied Schmutzler's petition for relief, holding:

> Schmutzler raises claims that could have been presented in prior appeals; thus, he is not entitled to mandamus relief…Further a §2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence…If Schmutzler wishes to collaterally challenge his conviction or sentence by filing a second §2255 motion, he must

2

> once again comply with the gatekeeping requirements prescribed by 28 U.S.C. §2244 and §2255(h). He may not use a mandamus petition to evade these requirements.

In re Schmutzler, No. 17-1658, 2017 WL 1546140, at *2 (3d Cir. May 1, 2017).

Schmutzler still did not, however, seek authorization to file a second and successive petition under § 2255(h) from the Third Circuit. Rather, on May 8, 2017, Schmutzler filed a currently-pending motion to reopen his § 2255 proceedings because of purported ineffective assistance of counsel for failing to raise his federalism/jurisdictional claims. United States v. Schmutzler, No. 1:13-CR-00065, M.D. Pa., ECF No. 121.

Ten days later, on May 18, 2017, rather than waiting for a decision on that motion, Schmutzler filed his third petition for relief pursuant to 28 U.S.C. § 2241 in this Court, invoking the savings clause of 28 U.S.C. § 2255(e). Schmutzler makes the same argument here that he is making in his currently-pending motion before the sentencing court in the Middle District of Pennsylvania.

## II.     Discussion

As petitioner is well aware, under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). He may not challenge the legality of his sentence through writ of habeas corpus, under the savings clause, unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). At this stage, both the United States District Court for the Middle District of Pennsylvania and the Third Circuit Court of Appeals have

recently informed Schmutzler that (1) the federalism/jurisdictional claims are in the nature of § 2255 relief, and (2) his recourse is to seek a second or successive petition under 28 U.S.C. § 2255(h). Schmutzler apparently presumes that an application under § 2255(h) would be unsuccessful, so he has instead filed a motion to re-open his § 2255 proceedings in the Middle District of Pennsylvania under the same ineffective assistance of counsel argument raised here. Because there is a prior-pending motion to re-open his § 2255 proceedings, Schmutzler cannot demonstrate that his remedy under § 2255 is "inadequate or ineffective" under § 2255(e). Fusco v. Grondolsky, No. CV 16-30178-TSH, 2016 WL 7477750, at *3 (D. Mass. Dec. 28, 2016)(dismissing § 2241 petition under § 2255(e) where prior pending § 2255 petition raised almost identical claims). Therefore, pursuant to 28 U.S.C. § 2255(e), the 28 U.S.C. § 2241 petition may not be entertained by this Court and must be dismissed.

### III. Conclusion

For the reasons stated herein, the petition (ECF No. 1) is DENIED pursuant to 28 U.S.C. § 2255(e), and the action is DISMISSED. In light of the Court's denial of the petition and dismissal, Petitioner's Motion for Counsel is DENIED as MOOT.

**So Ordered.**

Dated: May 24, 2017

　　　　　　　　　　　　　　　　　　　　/s/ Allison D. Burroughs
　　　　　　　　　　　　　　　　　　Allison D. Burroughs
　　　　　　　　　　　　　　　　　　United States District Judge